Judge Buckner
delivered the opinion of the court.
On the 3rd day of December, 1821, Helm executed and delivered to Shackleford, the following instrument of writing: “Whereas, John Shackleford, jr. did, on the day of 182;), assign to me a note on Edmund Skackleford,- living near Natchez, in the Mississippi state, for two thousand one hundred and five dollars, dated 6th of April, 1818, which note had a credit endorsed on it, for three hundred dollars, dated 22d day of July, 1818, on which note I have obtained judgment in the United States court, for the state aforesaid, said judgment is now in-joined, by the said E. Shakleford, being in my debt, one thousand three hundred and eighty eight dollars and twenty cents, by two notes, one for one thousand dollars, for which thousand dollars, 1 hold a mortgage on a negro boy named Ben, and other property. Now it is understood and agreed by the said John Shackleford and myself, that in case the money shall be recovered of the said E. Shackleford, I am to have $1,388 20 cents, for the sum I have already advanced to the said John Shackleford, and whatever I may' hereafter advance to him at par; but 1 am to get the money, when made, from the marshal or the lawyer, whoever shall collect it, from the said E. Shackleford, and it is to be at my risk when it is received, and 1 am *391 to pay all costs and account to said Shackleford for the overplus, if any. But if the money shall not be -collected from the said E. Shackleford, then and in that case, the said John Shackleford is to pay to me, in Kentucky currency, making it equal to wha.. it was when Í lent the money, with legal interest on the same, and to pay mé all costs I have laid out in suing and prosecuting said suit against said E. Shackleford, lawyers’ fees, postage, &c. Given under my hand this 3rd of December, 1821. BEN. HELM.”
On this instrument of writing, Shackleford instituted an action of covenant in the Hardin circuit court, in January, 1828, which was removed, by change of venue, to the circuit court of Meade. The declaration, after setting forth the covenant sued on, avers, that the defendant collected, on the day of 1827, $(3216 from the aforesaid Edmund Shackleford; of which sum, defendant himself received $2,800, and his lawyers and marshal, or collecting officers, received the remainder; and that he had failed to account to* plaintiff fo ■ the overplus, after keeping for himself the sum of $1,388 20 cents.
Helm filed two pleas; first, covenants performed, on which issue was joined. The second plea sets out the two notes referred to in the covenant, on which the action is founded, amounting to $1,388 20 cents; that for $1,000, bearing date 25th of June, 1821, payable on demand, with legal interest from date; and the other, for $388 20 cents, dated 3rd of December, 1821, payable on or before 1st of May, 1822, with interest from the date. The plea also avers, that the plaintifl, Shackleford, had executed to the defendant the following notes, to wit: one for $250, with interest, dated 12th of January, 1822; a second for $150, with interest fiom date, which is dated 24th April, 1827,. payable on demand; a third for $100, with interest until paid, dated 2nd of February, 1822, and a fourth for $21 121 cents, which last note had been lost; all of which notes were due and unpaid, and all of which except the lost one, were exhibited. It is further averred, that the plaintiff stands indebted to the defendant,in the sum of $5,000, for money laid out and expended, and for money had and received by him from defendant, at plaintiff’s instance and request, all which were *392 ’belied upon as a set-off against plaintiff’s demand.. To this pica there was a demurrer, which was overrulcd, and leave granted to reply. The plaintiff then amended his declaration, by averring, that the defenfendant was bound to use diligence, in collecting the money, when received by the marshal or the lawyers; that the latter had received .•.•■3,317 13 cents, on the day of March, 1827; and that the defendant had not accounted to plaintiff for it, although requested. The plaintiff replied to the plea of set-off, admitting the execution of the notes, as exhibited by the plea; but aver?, that the consideration on which they were founded, vere sums advanced by defendant to hjm, a? loan;, in notes on 1 he Commonweal > 1 fs bank, uhen they were worth one half onlj' of tacir nominal amounts; and that the con!racts were, therefore, usurious. As to die y5,i<00, for money-laid oat, he denies that he is so indebted. To this toe defendant demurred; hut his demurrer being overruled, he tiled a rejoinder, averring that the note for and thatfor $388 20 cents, were the notes referred to in the writing sued on, and that the other notes set forth in his plea of set-■off, were executed for advances made to the plainlitij under (be stipulations of the covenanl, and “that the same, with the personal trouble and private expenses and risk of the money, when received in Mississippi, were given for the like amount, dollar for dollar, for the debt due from Edmund Shackleford in covenant mentioned, to John Shackleford, with the stipulations, that if the money was noi made, the plaintiff was to pay the defendant, in Kentucky currency, the ■amount of said notes, making it equal to what it was "when the defendant lent; the money; and that it was a purchase of the defendant on Edmund Shackleford, and not a shift or contrivance corruptly to exactor receive usurious into'-e’t, over six per centum per annum, for the use and forbearance of money; and that the plaintiff stands indebted to the defendant for the said sum of 8i5,0d0, for money laid out,’’ ifcc.
To this rejoinder the plaintiff filed a demurrer, which was overruled, and thereupon he liled a sur-rcjoinder, denying the matter of the rejoinder, and averring, “that the nolis were required by defendant and executed as a shift and contrivance to exact usury, or. *393 Cue money so loaned f and concluding to the country tipon which issue was joined. A verdict having been returned for the plaintiff for §358 51 cents, a motion for a new trial was made by Helm, on the grounds that the verdict was against law and evidence, and that the court erred in giving instructions at the instance of the, plaintiff, and by refusing to give those asked for by fhe defendant; but the motion was overruled and judgment entered. The defendant excepted to the opinion, and all the 'evidence having been spread on record, he has appealed, and insists that the circuit court erred in the various opinions given, to his prejudice.
Records of suits, prosecuted in any State in the Union, when authenticated by a certificate of the clerk of the court with the sea] of the court annexed, together with a certificate of the judge thereof; that the person giving such certificate is the clerk, and that his certificate is in due form, arc competent evidence in oúr courts
On the trial of the cause in the circuit court, the appellee offered toread to the jury, as evidence, two records from the district court of the United States, for the state of Mississippi, and some depositions taken in that state, to which the defendant objected, but his objections were overruled, and he excepted.
The first was the record of a common law suit, hi the name of John Shackleford, (the appellee,) for the benefit of Helm, (the appellant,) against Edmund Shackleford, founded on the note referred to in the covenant between the appellant and appellee, and in which, a judgment was entered against said Edmund Shackleford, for $'2,*2[)9 4G cents, and for $¡35 6G3 cents costs.
The second was the record of the chancery proceedings, from the same court, in a suit prosecuted by Edmund Shackleford, against the present appellant and appellee, in which an injunction had been obtained against the judgment at law, which was eventually dissolved. The objections to the records were correctly overruled. Each one is fully authenticated by the certificate of Burns, the clerk of the court, as a true transcript, with the seal of the court annexed; and by the certificate of the judge thereof, that Burns is clerk, and that his certificate is in due form.
The depositions objected to, were given by Burns mid Turner, the latter of whom was one of the law-yens who managed those suits in the federal court. The grounds relied upon for their rejection, were, that the notice under which they had been taken, does not *394 appear to-have been executed on the appellant; that, the justices of the peace, before whom they were taken, did not meet and adjourn from day to day, amenably to notice; that they had no rigid to adjourn from the 9th to t-e 11th of May, lé'29; and, lasM, that Me depositions refe; to a suit depending in the ¡Jardín circuir court, when the venue in this ca.-e, had teen previ* on >y changed to the Meade circuit court. These objections a-e, also,untenable.
The d-~'timvn."vAcr Which the depositions wre taken, w; s granted by the circuit court of Hardin, while die ah! (; was d; pend-ng them, in March, :8l9; tie mag -trates commenced taking of them on Monday, the 4th of May. and com inued from dav io da), I tun-day excepted, until they were completed, on the 1 ith, which was jusúiled by the notice. The constable who served it, lcuums, “executed fn delivering a true copy oí the above notice, tins 1.3th April, I'&h’" It was directed ,o t- e appell uV, and that use copy was delis erod to him is suificienth manifest, by the return of the oFeer. it is n»t susceptible of any other reasonable construction. The paper s in the suit were remov ed, and the cause docketed in Meade circuh couriont.ie 14th of April, iSif; so that when the depositions were taken, the cauro was not depending in the iXardiu circuit court.; but study an ohjecti into them, on that account,, cannot he supported. The authority under which they were taken, could not be affected by the change oí venue. The names of tíie pá. ties are correctly slated, and the sui.. is not described as one depending. at that lim \ in she Ha, din circuit court. . The preamble states ,hem as taken pursuant to the annexed comtnission. That was a sufficient identification, and accurate description of tbe suit, in which, they were to be used as testimony. We are, therefore, of opinion, that the court did not eironeously refuse to give any instructions moved for by ihe appellant. But it in insisted that the court erred to his prejudice, in those, given at the instance of his adversary. We shall, tbeiefore, consider them also.
From tbe deposition of Turner, it appears, that $3,317 13 cents were collected by him as the lawyer, from Edmund Shackleford, on the assigned note; of which 4,2,800 only were paid to the appellant; the *395 remainder having been retained, in part for his fees and commissions, and in part for the fees of other l.twye 'S, who appeared with him; and for the costs of the suii, which iad been appropriated accordingly. It also appears, that t ¡c appellant Uad previously advanced to Turner, for fees, y 100.
The insfructions moved for by the appellee were,
1st. That if the ^ury should believe fsom the testimony, that the notes "eked apon by <Ie'tn, were executed in confide ration of .he same amount, loaned to the appeil :e, m notes of the Comm «nwealu’s bank, and hat he ag-'eed to pay the same in specie, out of the j.id:;mi.it against Edmund Shackleford; and ihat such mink notes were worth less tlian specie, the contrae., vas usurious; aid that the appellee was not bo ind !h-Teby, for more than the value of the bank pape»-, at the time it was loaned, wit. interest thereon, to tne tune whm the money was collected from Edmund, Shackleford. ■
2nd. That the appellant was bound to use reasonable diligence to collect the money from Edmund Shackleford.
3rd. That'by the terms of the covenant, Helm was hound to pay the lawyers' fees, in Mississippi, without charging the appellee with the same.
4th. That whenever the money was collected, by the lawyer or marshal, the appellant was bound, and the amount was at his risk. They were all given by the court as asked for, except the first, which was refused, and an excepiion taken to the opinion.
The second instruction was entirely unnecessary because, there is no breach of covenant assigned, charging the appellant with want of diligence in collecting the-amount of the assigned note; and whether correct or erroneous, cannot affect the verdict and judgment rendered, as will hereafter be seen.
The third instruction presents the question, what is the correct construction of that part of the covenant in which the following words are employed, “and lam to pay all cost, and account to said Shackleford, for the overplus, if any?” It is apparent that the covenant was not written by one well skilled in the use of *396 language; for in this, as well as other parts, the tensa of the contract have been awkwardlv and ambiguouffy and were it necessary to decide the question, (but it is nor,) we are inclined to the opinion, that the instruction given by the circuit court cannot be maintained. Previous to the execution of the covenant, the appellant had advanced to the appellee $¡1,003, and at the time of its execution, made a further advancement; additional advancements were contemplated, all which, were to be retained by the appellant; all costs were to be paid by him; because he was to receive the money, and to account to the appellee for the overplus, if. any. What overplus? Is it not a reasonable inference that it was the overplus which remained,' after the payment of all costs, and after retaining the money, to-which, for the advancements, he was entitled? But another question would lime occur; were the fees of the lawyers, who prosecuted the suit, on. the assigned note, and who appeared for the appellant and appellee in the chancery suit growing out of it, a part of the cost contemplated by the parties? The expression, “all costs” is certainly sufficiently broad to include all such fees paid, as under existing circumstances, should be considered as reasonable and proper. They constitute in every such case, a part of the necessary expenditure. Whether the fees and commission which were retained by the attorneys in this case, were unreasonable and more than ought to be allowed, is a matter, about which', it would have been the province of the jury to determine, if it had been properly presented for decision. But we do not conceive, that under the pleadings in the p-esent action, it was presented. Nor was the. question, whether the appellant had violated his covenant, in failing to pay the fees of the lawyers presented. Helm was bound by the covenant to get the money, when “made, from the marshal, or the lawyer,” &c. But the breach assigtred in the declaration is not, that the appellant failed to doso; but it is, aslaidr' the original declaration, that he received $2,809, and the lawyer as much more as made, when added to it, $3,210; as laid in the amended declaration, it is, that the lawyer received $3,317 13 cents, and that Helm had failed to account, &c. Now if it be conceded, that the appellant alight have forced the lawyer to pay over more of *397 che money collected than be did, and had, therefore, failed to perform his duty in that respect; it is still clear, that no damages could, under the have been properly assessed against him, by the jury, on that account.
This view of the case, shows, that the third instruct tion whether erroneous or not, was irrelevant, and from the evidence in the cause, in connexion with the pleadings, we shall proceed to show that it cannot constitute a sufficient ground, upon which, to set aside the verdict. We have already said that the appellant received If we deduct $100, the amount advanced by him, to the lawyer, probably about the time of his original engagement, he will stand charged with $-¿,700. The advancements made by him, to the appellee, in Commonwealth’s paper, before and after the execution of the covenant, as appears by the pleadings, amounted to $¡,909 3'2i cents. The sum of $2'. 3 18 cents, was claimed by him as a credit tor so much paid, for the appellee, to Charles A. Wick-Me, and the further sum of $‘150, as paid in the same way, to S emu el Smith. The claim for the money received by Smith was not well supported by the proof; for it does not appear from the record, that it was paid by the direction, or with the consent, or even knowledge, of the appellee. But let botli of them be allowed, and he will be entitled to a credit of $á,33;2 5Oí cents, leaving a balance due to the appellee, in amount, greater than the verdict in his favor..
It maybe contended, that the appellant was entitled to interest on the sums advanced by him; but such a position cannot be supported by the covenant. What extent of interest, it was intended by the parties, when the note was assigned, that the appellant should have in it, does not appear; nor is it now important to be inquired into, because, whatever may have been their verbal contract, at chat time, the covenant sued on contains the contract on which this suit is founded. By that, it is provided, that the appellant should have $ t, 188 M0 cents of the debt, if collected from Edmund Shackleford, for the sums which he had hitherto advanced, and he was to retain of it as much more as he might thereafter advance at par,
Hardin, for appellant; Mills and Brown, for appellee.
There is no provision that he shall have interest also on the sums advanced; nor is it reasonable to suppo.;e, considering that the advancements were made in depreciated hank paper, that ihe parties intended that interest should be allowed on it, to be paid in specie.
If the debt from Edmund Shackleford could not be collected, the amounts advanced were to be paid with interest, in Kentucky currency.
It is equally clear that the fourth instruction, whether correct or erroneous, cannot affect the validity of the verdict or judgment pronounced on it.
We are, therefore, of opinion, that the motion for a new trial was correctly overruled.
The judgment of the circuit court must be affirmed with costs.